# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For Revocation of Supervised Release) |
| v. | Case Number:  00-cr-00293-JLK-01 |
| JASON A. LEIBOLD | USM Number:  29749-013 |
| | Virginia L. Grady, AFPD<br>(Defendant's Attorney) |

**THE DEFENDANT:** Admitted guilt to violations 1 through 7 and 11, as alleged in the probation officer's petition, on February 16, 2011.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to Notify Probation Officer of Change in Employment | 03/10/2009 |
| 2 | Failure to Participate in Dual Diagnosis Treatment as Directed by the Probation Officer | 03/25/2009 |

　　　The defendant is sentenced as provided in pages 3 through 8 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

　　　It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

　　　It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

　　　　　　　　　　　　　　　　　　　　　　　　　　October 7, 2011
　　　　　　　　　　　　　　　　　　　　　　　　　　Date of Imposition of Judgment


　　　　　　　　　　　　　　　　　　　　　　　　　　*S/John L. Kane*
　　　　　　　　　　　　　　　　　　　　　　　　　　Signature of Judge


　　　　　　　　　　　　　　　　　　　　　　　　　　John L. Kane, Senior U.S. District Judge
　　　　　　　　　　　　　　　　　　　　　　　　　　Name & Title of Judge


　　　　　　　　　　　　　　　　　　　　　　　　　　October 18, 2011
　　　　　　　　　　　　　　　　　　　　　　　　　　Date

DEFENDANT: JASON A. LEIBOLD
CASE NUMBER: 00-cr-00293-JLK-01                                                    Judgment-Page 2 of 8

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 3 | Failure to Participate in Dual Diagnosis Treatment as Directed by the Probation Officer | 05/27/2009 |
| 4 | Failure to Notify the Officer of Change in Residence | 06/01/2009 |
| 5 | Failure to Participate in Drug/Alcohol Testing as Directed by the Probation Officer | 06/14/2009 |
| 6 | Association with a Person Convicted of a Felony | 06/04/2009 |
| 7 | Failure to Participate in Dual Diagnosis Treatment as Directed by the Probation Officer | 07/29/2009 |
| 11 | Violation of the Law | 12/17/2008 |

DEFENDANT:  JASON A. LEIBOLD
CASE NUMBER:  00-cr-00293-JLK-01                                                                  Judgment-Page 3 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of time served.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT:  JASON A. LEIBOLD
CASE NUMBER:  00-cr-00293-JLK-01                                                              Judgment-Page 4 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of thirty-four (34) months.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

DEFENDANT:  JASON A. LEIBOLD
CASE NUMBER:  00-cr-00293-JLK-01                                                                Judgment-Page 5 of 8

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of supervision and shall pay the cost of treatment as directed by the probation officer.

2) The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall pay the cost of treatment as directed by the probation officer.  The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

3) The defendant shall be placed on home detention for a period of six (6) months, to commence within 21 days of sentencing.   During this period, the defendant shall remain at   place of residence at all times other than time spent at work or time spent on other activities approved in advance by the probation officer.  This period of home detention shall be enforced by electronic monitoring.  To permit this monitoring, the defendant shall maintain a telephone at place of residence without any special services, modems, answering machines, or cordless telephones.  The defendant shall wear electronic monitoring devices and follow all other procedures specified by the probation officer.  The defendant shall pay the cost of electronic monitoring as directed by the probation officer.

4) The defendant shall comply with the terms and conditions for payment of restitution imposed by the Court.

DEFENDANT:  JASON A. LEIBOLD
CASE NUMBER:  00-cr-00293-JLK-01                                                                   Judgment-Page 6 of 8

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| I (Indictment) | $0.00 | $0.00 | $17,588.00 |
| **TOTALS** | **$0.00** | **$0.00** | **$17,588.00** |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | * Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| U.S. Bank<br>Attn: David Cuthriell<br>2555 S. Colorado Blvd., #30<br>Denver, CO 80222<br>RE: Jason Leibold | $8,414.00 | $8,414.00 | |
| First United Bank<br>Attn: Michael Van Norstrand<br>8095 E. Belleview Ave.<br>Englewood, CO 80111<br>RE: 11/17/99 and 12/28/99 Robberies | $2,814.00 | $2,814.00 | |
| Liberty Savings Bank<br>Attn: Security<br>120 W. Second St.<br>Dayton, OH 45402-1604<br>RE: 06/19/00 Robbery - Denver, CO | $920.00 | $920.00 | |
| Vectra Bank Colorado<br>Attn: Billy J. Giunta, V.P.<br>639 E. 18th Ave., Ste. 200<br>Denver, CO 80202<br>RE: 06/20/00 Robbery | $1,900.00 | $1,900.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:  JASON A. LEIBOLD
CASE NUMBER:  00-cr-00293-JLK-01                                                                 Judgment-Page 7 of 8

| **Name of Payee** | **\* Total Loss** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Key Bank<br>Attn: Linda Brito<br>6565 E. 73rd Ave.<br>Commerce City, CO 80022<br>RE: 06/13/00 Robbery | $3,540.00 | $3,540.00 | |
| **TOTALS** | **$17,588.00** | **$17,588.00** | |

    Interest on the restitution obligation will be waived, upon the court's finding that the defendant does not have the ability to pay interest.

    \* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:  JASON A. LEIBOLD
CASE NUMBER:  00-cr-00293-JLK-01                                                                 Judgment-Page 8 of 8

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

Restitution shall be fully satisfied no later than the date on which the defendant's supervised release expires.  It shall be due and payable during the period of incarceration, with any unpaid balance to be paid in either a lump sum or in equal monthly installments during the period of supervised release.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment, (2) restitution principal.